944 F.2d 906
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin VAN BAIN, Petitioner,
v.
EMODELL COAL COMPANY, et al., Respondents.
 No. 90-3806.
 United States Court of Appeals, Sixth Circuit.
 Sept. 6, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The petitioner Martin Van Bain seeks review of a decision of the Benefits Review Board affirming an ALJ's denial of his application for black lung benefits. We vacate the decision and remand for consideration of a legal issue not addressed by the parties.
 
 I.
 
 2
 The petitioner is a 69 year old former coal miner who was found by the ALJ to have worked in coal mines for 11 1/2 years. Van Bain applied for benefits on August 18, 1980. Claims filed after March 31, 1980, are subject to permanent regulations that are found at 20 C.F.R. Part 718.
 
 
 3
 Under these 1980 regulations, to be eligible for black lung benefits a claimant must show that:
 
 
 4
 (1) he or she has pneumoconiosis, which may be established by using one of the four alternative methods in § 718.202;
 
 
 5
 (2) the miner's disease arose at least in part out of coal mine employment, which is a requirement of § 718.203; and
 
 
 6
 (3) the pneumoconiosis is totally disabling, which is the requirement of § 718.204.
 
 
 7
 The ALJ found that Van Bain had established the presence of pneumoconiosis under § 718.202(a)(4), which permits the claimant to demonstrate the existence of the disease by a diagnosis of a physician based on objective medical studies. The ALJ determined that the record showed that Van Bain was diagnosed in 1987 as suffering from pneumoconiosis by two physicians, who based their opinions on positive readings of X-rays as well as personal examination and objective testing of the petitioner. After invoking the rebuttable presumption of § 718.203(b), which establishes that the disease is presumably caused by coal mine employment if the claimant has worked in the mines for longer than ten years, the ALJ next concluded that Van Bain's pneumoconiosis was caused by his coal mine employment. His 11 1/2 years of coal mine employment was enough to invoke the presumption of § 718.203, which went unrebutted by the employer.
 
 
 8
 The third requirement--that the claimant show that he is totally disabled by reason of pneumoconiosis--is the point of disagreement in this case. Under § 718.204(c), there are five methods by which a claimant may establish total disability. In this case, only the methods of proof in subsections (c)(1) and (c)(4) are pertinent. Subsection (c)(1) permits the establishment of total disability by showing that the claimant has undergone pulmonary function studies which are both "qualifying" and "conforming." In order to be qualifying, the studies must result in values that meet or are lower than the values for males, based on height, set forth in Appendix B to Part 718. In order to be conforming under the current regulations, pulmonary function studies used under § 718.204(c)(1) must meet the quality standards of § 718.103, which requires the recording of forced expiratory volume in one second (FEV sub1 ) and either forced vital capacity (FVC) or the maximum voluntary ventilation (MVV), or both. The quality standards also require that the results be accompanied by three tracings of each test performed and a statement by the physician stating the claimant's ability to understand the instructions, follow the directions and cooperate in performing the tests.
 
 
 9
 Based on these requirements, the ALJ proceeded to review the results of six pulmonary function studies contained in the record. Four of the studies were done between 1981 and 1984 and two of the studies were done in 1987. Out of the six tests, five produced qualifying values which would entitle Van Bain to black lung benefits and only one, which was performed in 1987, produced nonqualifying values.[1] The ALJ included some description of the quality standards in his summary of the test results, and based on that summary it appears that only one of the studies was conforming. The only conforming test was administered on January 22, 1981. In weighing the results of the studies, the ALJ gave greatest credit to the two most recent studies, both in 1987, because pneumoconiosis is a progressive disease and should become worse over time.
 
 
 10
 Of the two 1987 studies, one which produced qualifying values and one which did not, the ALJ discredited the qualifying results because he concluded that the test did not conform to the quality standards of § 718.103. Having discredited one of the two most recent studies, the ALJ was left with the other 1987 test, which produced nonqualifying results. Based on this single nonqualifying and nonconforming test, and invoking the rule that the most recent test should be given the most weight, the ALJ concluded that Van Bain had not established total disability under § 718.204(c)(1).
 
 II.
 
 11
 This case was presented to the BRB and to this court as a straightforward substantial evidence case. We are concerned, however, that the ALJ's treatment of the pulmonary function studies may not be in accord with this court's decision in Wiley v. Consolidation Coal Co., 915 F.2d 1076 (6th Cir.1990). Because this case was submitted to the court on briefs, the parties having waived oral argument, we had no opportunity to question counsel on the applicability and effect of Wiley.
 
 
 12
 Wiley held that a "qualifying and conforming pulmonary function study is sufficient to require the invocation of the interim presumption of pneumoconiosis in the absence of any nonqualifying, conforming studies." Id. at 1080. The January 22, 1981, study was qualifying under § 718.204(c)(1) and met the quality standards (was conforming) under § 718.103. Although the outcome of Wiley turned on the fact that the qualifying study was performed under the more lenient standards of interim regulations in effect prior to April 1, 1980, we believe the same rule should apply under the permanent regulations. In this case there was no nonqualifying, conforming study that would serve to discredit the only qualifying, conforming study of record. Thus, applying Wiley, it was error to use the nonqualifying, nonconforming study of March 3, 1987, to discredit "an otherwise qualifying and conforming test." Id.
 
 III.
 
 13
 With respect to the petitioner's remaining claim, we agree with the BRB that Van Bain did not qualify under § 718.204(c)(4). The ALJ applied a preponderance of the evidence standard and concluded that the opinions of Dr. Rader and Dr. Bushey did not establish that Van Bain is totally disabled. The ALJ gave reasons for declining to accept these medical opinions, and we find no basis for reversing on this score.
 
 
 14
 The decision of the BRB is vacated and this case is remanded for reconsideration in light of Wiley.
 
 
 
 [1]
 The dates and resuls of the six tests are as follows:
 Jan. 22, 1981--qualifying values
 Nov. 17, 1981--qualifying values
 Jan. 17, 1984--qualifying values
 Apr. 26, 1984--qualifying values
 Mar. 3, 1987--nonqualifying values
 Mar. 30, 1987--qualifying values